# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ROTEC INDUSTRIES INC., a Delaware corporation, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 05 CV 7034 ) |
| AECON GROUP, INC., a foreign corporation, | ) Honorable Ruben Castillo ) Magistrate Judge Levin ) |
| Defendant. | ) ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Rotec Industries, Inc. ("Rotec") sued Defendant Aecon Group, Inc. ("Aecon") for breach of contract, claiming that Aecon returned a crane in a damaged condition, in violation of the parties' lease agreement. Aecon filed the instant motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(3) for improper venue, or in the alternative, that this suit should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(7) for failure to join a necessary party. For the reasons discussed below, Aecon's motion to dismiss is denied in its entirety.

## RELEVANT FACTS

In July of 2003, Aecon entered into an agreement with Rotec to lease concrete placing equipment ("Lease"), including a Rotec CC-200 Creter Crane ("Crane"). (R. 1, Compl. ¶ 6.) The Lease was scheduled to last for nine months at a rate of $28,000 per month, with Aecon responsible for the equipment's return to Rotec at the end of that term. (*Id.* ¶¶ 6, 8.) During the pendency of the Lease, Aecon contracted with Transport Watson Montreal Ltee ("Watson") to return the Crane to Rotec. (Id., ¶ 11.) While Watson was transporting the Crane back to Rotec, an accident allegedly occurred in or near Aecon's Toulnustouc Project site in Quebec, Canada,

which resulted in irreparable damage to the Crane. (R. 14, Def's. Mem. at 2.)

Rotec—a Delaware corporation with its principal place of business in Illinois—brought this suit against Aecon—a Canadian corporation—to recover the cost of replacing the Crane and the rental charges accumulated since the end of the lease period, in an amount in excess of $620,847. (R. 1, Compl. ¶¶ 1, 2, 22-23.)

## LEGAL STANDARDS

On a motion to dismiss for improper venue under Rule 12(b)(3), the plaintiff bears the burden of establishing that the venue it has chosen is proper. *Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 18 (1972). In ruling on a motion to dismiss under Rule 12(b)(3), the court follows the same standard as that of a Rule 12(b)(2) dismissal, taking all the allegations in the complaint as true unless contradicted by the defendant's affidavit. *Turnock v. Cope*, 816 F.2d 332, 333 (7th Cir. 1987). The Court may examine facts outside the complaint, and the Court resolves all factual conflicts and draws all reasonable inferences in the plaintiff's favor. *Id.*; *Gulf Ins. Co. v. Glasbrenner*, 417 F.3d 353, 355 (2d Cir. 2005).

Rule 12(b)(7) provides for dismissal of an action where a litigant fails to join a necessary party under Rule 19. Fed. R. Civ. P. 12(b)(7). As with a Rule 12(b)(3) motion, a ruling on a motion to dismiss for failure to join a necessary and indispensable party requires the Court to accept the allegations of the complaint as true, and the Court may go outside the pleadings and look at extrinsic evidence. *Davis Cos. v. Emerald Casino, Inc.*, 268 F.3d 477, 479-80 n. 2, 4 (7th Cir. 2001). On a Rule 12(b)(7) motion, the defendants have the burden of showing that the plaintiff has failed to join a necessary and indispensable party. *Ilan-Gat Eng'rs, Ltd. v. Antigua Int'l Bank*, 659 F.2d 234, 242 (D.C. Cir. 1981); *see also*, *Ploog v. HomeSide Lending, Inc.*, 209

F. Supp. 2d 863, 873 (N.D. Ill. 2002).

## ANALYSIS

**I.    Forum Non Conveniens**

Aecon claims that Rotec's suit should be dismissed under Rule 12(b)(3) because this venue is improper under the doctrine of forum non conveniens. Aecon argues that Canada is the proper venue because that is where the alleged accident that damaged the Crane occurred. Under the doctrine of forum non conveniens, the Court can "dismiss a suit over which it would normally have jurisdiction if it best serves the convenience of the parties and the ends of justice." *In re Bridgestone/Firestone, Inc.*, 420 F.3d 702, 703 (7th Cir. 2005) (quoting *Kamel v. Hill-Rom Co., Inc.*, 108 F.3d 799, 802 (7th Cir. 1997)). To dismiss under the doctrine, however, the plaintiff's choice of forum must "establish . . . oppressiveness and vexation to a defendant . . . out of all proportion to [the] plaintiff's convenience." *Id.* at 703 (quoting *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 (1981)). Further, the Court should dismiss the suit as inconvenient only if an alternative forum is both available and adequate. *Kamel*, 108 F.3d at 802. A forum is "available" if "all parties are amenable to process and are within the forum's jurisdiction." *Id.* at 803 (citing *Piper Aircraft*, 454 U.S. at 254 n. 22). An alternative forum is "adequate" if "the parties will not be deprived of all remedies or treated unfairly [in that venue.]" *Kamel*, 108 F.3d at 803.

Once the existence of an adequate alternative forum has been established, the Court decides "whether to keep or dismiss the case by weighing various private and public interest factors." *Bridgestone*, 420 F.3d at 704. The private interest factors include: "[the] relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling . . .

3

witnesses; [the] possibility of [a] view of premises [if practical]; and all other practical problems that make trial of a case easy, expeditious and inexpensive." *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947). The public interest factors include: the administrative difficulties in handling litigation in congested courts instead of at the origin of the controversy; the burden on a community of jury duty when the community has no relation to the litigation; and the benefit of deciding "localized controversies . . . at home," in a venue whose law will govern the case. *Id.* The Court may reasonably assume that a plaintiff's home forum is convenient, and therefore this choice should rarely be disturbed. *Kamel*, 108 F.3d at 803 (citing *Piper Aircraft*, 454 U.S. at 241).

### A.   Adequate and Available Alternative Forum

The first inquiry in a forum non conveniens analysis is to determine the existence of an adequate alternative forum. *Bridgestone*, 420 F.3d at 704. Rotec does not dispute that Quebec, Canada, is an adequate alternative venue. (R. 19, Pl's. Resp. at 2.) Aecon is a Canadian corporation subject to process in Canada, and a Canadian venue is available as an alternative. (R. 14, Def's. Mem. at 4.) Therefore, this requirement of the forum non conveniens analysis is met.

### B.   Private Interest Factors

Because an adequate alternative forum exists and is available, the Court must examine the balance of private interests as they relate to the choice of venue in this litigation. *Bridgestone*, 420 F.3d at 704. No single private interest is dispositive, although this Court must ensure careful consideration of the relevant factors. *In re Ford Motor Co.*, 344 F.3d 648, 652 (7th Cir. 2002); *see also Wilson v. Humphreys (Cayman) Ltd.*, 916 F.2d 1239, 1246 (7th Cir. 1990). The first of these factors—the ease of access to sources of proof—directs the Court to examine the location

4

of evidence relevant to the claim in relation to the plaintiff's chosen forum. If the majority of the evidence is in a different location than the plaintiff's venue, this factor weighs in favor of dismissing under the doctrine of forum non conveniens. *Bridgestone*, 420 F.3d at 705; *Gilbert*, 330 U.S. at 508.

The issue here is what constitutes the relevant evidence. While this is a breach of contract case, Aecon argues there is greater access to evidence in Canada because that is where the alleged damage to the Crane occurred. (R. 14, Def's. Mem. at 4.) Aecon claims that the evidence located in Canada provides details surrounding the accident. They also assert that it provides evidence relevant to Aecon's contract with Rotec because the Lease and Return Requisite[1] ("Requisite") contemplate that "[a]ny on-site damage" to the Crane "must be repaired." (*Id.*) These contractual provisions do not change the fact that Aecon allegedly violated the Lease by returning the Crane to Illinois in an unusable condition. Proof of the condition in which the Crane was returned is in Elmhurst, Illinois, where the Crane currently rests. (R. 19, Pl's. Resp. at 4.) Proof of whether the Lease required return of the Crane in a useable condition, and damages if it was not so returned, lies in the Lease itself. Thus, there is greater access to relevant sources of proof in Illinois than in Canada.

This Court next considers the availability of compulsory process to gain attendance of unwilling witnesses located in or near the alternative venue and the cost of obtaining the attendance of willing witnesses from that venue. *See Bridgestone*, 420 F.3d at 705; *Gilbert*, 330 U.S. at 508. This factor only weighs in Aecon's favor if their difficulty in gaining attendance of

---

[1] The Return Requisite (R. 1, Compl. Ex. 1 at 9) is a separate document referenced in and attached to the Lease that lists the parties' agreed expectations for the condition of rental equipment upon return to Rotec.

witnesses is so extreme as to reach a level "out of all proportion to the plaintiff's convenience." *Bridgestone*, 420 F.3d at 703 (quoting *Piper Aircraft*, 454 U.S. at 241). Here, Aecon asserts that the majority of relevant witnesses are located in Canada and speak French as their primary language. (R. 14, Def's. Mem. at 4-5.) Aecon argues that this will make it difficult to require attendance of unwilling witnesses and to obtain willing witnesses due to costly travel and translation obstacles. (R. 21, Def's. Reply at 4.)

Aecon's argument fails for two reasons. First, because the points of contention in this action are the parties' understanding of the Lease and the alleged damage to the Crane, the relevant witnesses will likely be Aecon and Rotec employees with knowledge of the Lease as well as persons who could testify to the extent of the Crane's damage, not witnesses to the accident in Canada. In essence, this is a contract action rather than a typical tort case which would usually be dominated by accident-related witnesses. Second, because any foreign witnesses material to Rotec's breach of contract claim would likely be Aecon employees or agents who signed the contract or surveyed the Crane's damage. Aecon should have little trouble securing their cooperation in this case. *See, e.g.*, *Wilson*, 916 F.2d at 1246 (holding that a suit for an injury suffered in the Cayman Islands did not warrant dismissal under forum non conveniens because, in part, the foreign company could obtain its employees' cooperation as witnesses); *Macedo v. Boeing Co.*, 693 F.2d 683, 685 (7th Cir. 1982) (stating that where witnesses "are, for the most part, agents or employees of the defendants," it should not be difficult to secure their attendance).

Likewise, Aecon's contention that the difficulty and cost of travel and translation warrants dismissal is unconvincing. Even if the majority of witnesses did reside in Canada,

6

travel between Canada and Chicago is not onerously difficult. *See, e.g., ISI Int'l, Inc. v. Borden Ladner Gervais LLP*, 316 F.3d 731, 732 (7th Cir. 2003) (noting that travel between Ontario, Canada and Illinois is "short and inexpensive"); *see also Bruemmer v. Marriott Corp.*, 90 C 4190, 1991 WL 30141, at *4 (N.D. Ill. Mar. 4, 1991) (noting that the inconvenience of transporting witnesses from Bermuda to Illinois is "significantly lessened by modes of communication and travel . . . commonplace today"). Aecon could also take the testimony of its foreign witnesses in Canada for presentation to this Court. *Id.* Furthermore, it is not prohibitively difficult to translate French into English. *See Tuazon v. R.J. Reynolds Tobacco Co.*, 433 F.3d 1163, 1181-82 (9th Cir. 2006) (noting that "[j]uries routinely address . . . cases involving foreign companies, foreign cultures and foreign languages.") Sending this case to Canada would only shift the burden of translation and transportation to Rotec. Accordingly, Aecon's complaints regarding the cost of travel and translation do not warrant dismissal under the doctrine of forum non conveniens. *See Heller Fin., Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir. 1989).

The Court next considers the difficulty of viewing the site of the events underlying the lawsuit. *Bridgestone*, 420 F.3d at 705; *Gilbert*, 330 U.S. at 508. Aecon claims that Quebec, Canada – the site of the Crane's accident – is the relevant site. (R. 14, Def's. Mem. at 2.) As explained above, however, the major point of contention in this breach of contract action is the extent of damage to the Crane, not how the damage occurred. As such, the relevant site in this lawsuit is Elmhurst, Illinois, where the Crane is currently located. (R. 19, Pl's. Resp. at 4.)

Finally, this Court may consider whether a combination of other practical problems would make a trial in Canada easier, more expeditious, or less expensive. Aecon offers no

private interest, other than those rejected above, that would result in a cheaper or more expeditious trial in Canada. At most, a move to an alternate venue in Canada would merely transfer the inconvenience from one party to the other. *See Heller Fin., Inc.*, 883 F.2d at 1294 (holding that merely shifting the inconvenience from an Illinois to a Wisconsin district court is not enough to warrant transfer of suit.) Therefore, this Court finds the balance of private interest factors weighs in favor of maintaining Rotec's choice of venue.

C.   **Public Interest Factors**

In the next step of the forum non conveniens analysis, the Court considers the public interest factors surrounding the plaintiff's chosen venue. *Bridgestone*, 420 F.3d at 704. The Court weighs the administrative difficulties of handling the litigation in a more congested venue than might exist at the site of the controversy and whether the chosen venue has a sufficient relation to the litigation. *Id.* Because the site of the controversy is in Illinois, where the Crane currently sits, (R. 19, Pl's. Resp. at 4), these two factors favor maintaining Rotec's choice of venue.

The Court also considers the benefit of deciding "localized controversies . . . at home" and the benefit from proceeding in a forum whose law governs the case. *Bridgestone*, 420 F.3d at 704. As explained above, the "home" forum here is Illinois. The Lease, however, does not contain a provision for choice of law, and the parties dispute which law will apply. (R. 1, Compl. ¶ 4.); (R. 14, Def's. Mem. at 5.) In the absence of a choice of law provision, this Court looks to Illinois law to determine which substantive law applies. *Palmer v. Beverly Enter.*, 823 F.2d 1105, 1108 (7th Cir. 1987). Illinois applies the most significant contacts test, which uses the law of the locale that "has the most significant relationship to the transaction and parties." *Id.*

at 1109 (citing *Ill. Tool Works v. Sierracin Corp.*, 479 N.E.2d 1046, 1051 (1st Dist. 1985)).

Here, the parties agree that the Lease was negotiated and executed in Illinois. (R. 1, Compl. ¶ 4.) The Crane, which is the subject matter of the Lease, is located in Illinois and the Lease is considered "performed" in Illinois because this is where the products in question were manufactured and accepted for transport by Aecon. *Ill. Tool Works*, 479 N.E.2d at 1051; (R. 1, Compl. ¶¶ 5, 8.) Thus, Illinois law would likely govern the contract in this case. As such, both private and public interest factors weigh in favor of Rotec's choice of venue, Illinois. Accordingly, Aecon's motion to dismiss under the doctrine of forum non conveniens is denied.

## II.   Rule 19 Necessary and Indispensable Party

Aecon also argues that this suit should be dismissed under Rule 12(b)(7) because Rotec failed to join Watson as a party, in violation of Rule 19. Aecon claims that Watson is a necessary and indispensable party because Watson is partly liable for any damage to the Crane and both Aecon's and Watson's legal interests would be impaired without Watson in the suit. Under Rule 19, the Court conducts a two step inquiry. *Thomas v. United States*, 189 F.3d 662, 666 (7th Cir. 1999). The Court first determines if the outside party is necessary to the suit by considering: "if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject matter of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest." Fed. R. Civ. P. 19(a); *Thomas*, 189 F.3d at 667. If the Court determines the outsider to be necessary, then "the court shall order that the person be made a

9

party." Fed. R. Civ P. 19(a). However, if the necessary party cannot be joined (for example, if joinder would violate diversity jurisdiction), then the Court must decide whether, under Rule 19(b), the party is indispensable to the judgment, or if the suit can proceed without their inclusion. *Extra Equipamentos E Exportacao Ltda. v. Case Corp.*, 361 F.3d 359, 361 (7th Cir. 2004).

Aecon argues that Watson is a necessary party because it caused at least some portion of the damage to the Crane, and complete relief cannot be accorded without its presence as a party. (R. 14, Def's. Mem. at 6.) Watson, however, is not involved in the breach of contract claim between Aecon and Rotec. Watson separately contracted with Aecon to return the Crane. Complete relief between Rotec and Aecon is thus not contingent on any potential claim Aecon might have against Watson. *Morgan Guar. Trust Co. of N.Y. v. Martin*, 466 F.2d 593, 598 (7th Cir. 1972) (per curiam) (noting that complete relief refers to the relief available between those already parties, not between the parties and an outsider); *Davis Cos.*, 268 F.3d at 484.

Next, we must examine whether Watson has claimed an interest in the subject matter of the action that, as a practical matter, may be impaired or impeded. Fed. R. Civ. Pro. 19(a)(2)(i). Rotec has contacted Watson's insurers regarding this suit and nothing in the record demonstrates that Watson is claiming an interest in this action. (R. 1, Compl. ¶13). When the outsider is aware of the action and does not claim such an interest, courts typically do not second-guess the decision. *Davis Cos.*, 268 F.3d at 483-84. Moreover, a determination of Rotec's and Aecon's contractual rights under the Lease in this suit would not impair Aecon's or Watson's rights vis-à-vis each other. *Evergreen Park Nursing & Convalescent Home, Inc. v. Am. Equitable Assurance Co.*, 417 F.2d 1113, 1115 (7th Cir. 1969) (noting that where separate contracts create

separate obligations, a decision in one case would not bind the absent parties in future cases). Therefore, under Rule 19(a)(2)(i), Watson is not a necessary party to this suit.

Finally, under Rule 19(a)(2)(ii) the Court considers whether Watson's exclusion from the present suit would lead to double, multiple, or otherwise inconsistent liability for either Aecon or Rotec. Aecon argues that it might face inconsistent judgments without Watson because Aecon has "anticipated proceedings against Watson in Canada," that may involve indemnification of any loss Aecon suffers in this action. (R. 14, Def's. Mem. at 6.) Hypothetical proceedings, however, are not sufficient to establish a potential for multiple or otherwise inconsistent liabilities when a finding of Aecon's liability in the present case would not necessarily imply any liability in future litigation with Watson. *Davis Cos.*, 268 F.3d at 485 (noting that no substantial risk of multiple or inconsistent obligations exists when findings in the present case do not imply liability in potential future cases). Therefore, Watson is not a necessary party under Rule 19(a)(2)(ii).[2]

---

[2] The Court notes, however, that Aecon is not without other procedural devices to bring Watson into this suit.

## CONCLUSION

For the reasons set forth above, Aecon's motion to dismiss under Federal Rules of Civil Procedure 12(b)(3) and 12(b)(7) is denied. (R. 13-1, Def's. Mot. at 1). This lawsuit is hereby set for a status hearing on July 6, 2006 at 9:45 a.m. to set a full litigation schedule for this lawsuit including a specific trial date. The parties are requested to fully exhaust all settlement discussions in light of this opinion.

ENTERED:

Ruben Castillo
**United States District Judge**

Date: June 22, 2006